DAVID L. ANDERSON (CABN 149604)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

KEVIN J. BARRY (CABN 229748)
MEREDITH B. OSBORN (CABN 250467)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6840
    FAX: (415) 436-7234
    Email: kevin.barry@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JONATHAN JOSEPH NELSON, et al.,<br><br>    Defendants. | CASE NO. CR 17-0533 EMC<br><br>**UNITED STATES' RESPONSE TO DEFENDANT DIAZ'S MOTION FOR SANCTIONS (DKT. 537)** |

## INTRODUCTION

The government respectfully submits this response to Defendant Diaz's motion for sanctions for not producing re-redacted versions of search warrant affidavits under an "Attorney's Eyes Only" Protective Order. The government has produced these affidavits under that order. Therefore, the government respectfully requests that the Court deny the motion for sanctions as moot. Further, even if the government had not made this production, exclusion of any evidence obtained through the searches authorized by the affidavits at issue—which is the relief Defendant seeks in his motion—is not the appropriate remedy, and the Court should deny the motion on that basis as well.

UNITED STATES' RESPONSE TO MOTION FOR
SANCTIONS                                   1
CR 17-0533 EMC

## THE SEARCH WARRANT AFFIDAVITS

The government produced to counsel for Defendant Diaz an unredacted version of the November 2017 master affidavit submitted in support of a search warrants for a number of locations, including the HASC clubhouse and Defendants' residences, on Friday, February 1, 2019. It produced largely unredacted versions of affidavits in support of other search warrants on Wednesday, February 6, 2019.[1] These affidavits are as follows:

    2017-11-15 HASC Clubhouse and Others SW (unreadacted) [The Master Affidavit]

    2014-08-14 Silva Phone SW (unredacted)

    2015-05-18 Trent Miles Residence SW (unredacted)

    2015-09-02 Cesena Home & Business SW (unredacted)

    2016-08-24 Hefferman & Meza Phone Records (redacted)

    2016-09-02 Lyles Residence SW (redacted)

    2016-11-28 Foakes Residence SW (unredacted)

    2016-12-02 ADT Surveillance of Foakes Assault SW Aff (Unredacted)

    2016-12-08 Josh Johnson Phone SW (unredacted)

    2016-12-08 Josh Johnson Residence and Phone SW (unredacted)

    2016-12-28 Phone Records SW (unredacted)

    2017-01-05 Jon Nelson Cell Phone Records SW (redacted)

    2017-05-05 Tio Bueno Phone Records SW (redacted)

    2017-07-10 Lyles Phone Records SW (redacted)

    2017-11-15 EDMA Ranieri Cell Location SW Materials (unredacted)

    2017-11-16 EDCA SW Application & Affidavit (unredacted)

    2017-11-19 EDMA Ranieri Cell Location SW Materials (unredacted)

For the materials listed that are still redacted, the remaining redaction concerns the identity of individuals who spoke with law enforcement about the disappearance of Joel Silva. Their identities

---

[1] On February 7, 2019, the defense indicated there was a problem with one of the production batches sent on February 6. The government will ensure that the production is successful tomorrow, February 8, 2019.

UNITED STATES' RESPONSE TO MOTION FOR
SANCTIONS                                                     2
CR 17-0533 EMC

remain protected because their names are not necessary for any challenge to the probable cause supporting the search warrants.

**ARGUMENT**

Because the government produced the search warrant affidavits at issue, the motion is moot. Further, even if the government had not done so, and assuming that such a failure to produce constituted a discovery violation, exclusion of evidence seized during the execution of the warrants issued as a result of those affidavits—the remedy Defendant seeks—would not be an appropriate sanction.

Among the remedies available for violations of Rule 16 are the following:  (1) permitting discovery or inspection of the late-disclosed materials; (2) granting a continuance; (3) the exclusion of the evidence; or (4) entry of "any other order that is just under the circumstances." Fed. Rule Crim. Proc. 16(d)(2).  By invoking exclusion, the defendant ignores the important principle that the "trial court should not impose a sanction harsher than necessary to accomplish the goals of Rule 16." *United States v. Gee*, 695 F.2d 1165, 1167 (9th Cir. 1983).  With respect to exclusion, "Exclusion is an appropriate remedy for a discovery rule violation only where 'the omission was willful and motivated by a desire to obtain a tactical advantage.'" *United States v. Finley*, 301 F.2d 1000, 1018 (9th Cir. 2002) (quoting *Taylor v. Illinois*, 484 U.S. 400, 415 (1988) (emphasis by *Finley* court removed)).  In *Taylor v. Illinois*, the Supreme Court indicated that exclusion of evidence may be an appropriate sanction for violations of discovery rules where such violations are "willful and motivated by a desire to obtain a tactical advantage" or where they are "both willful and blatant."  484 U.S. 400, 415, 416 (1988).  There are no such violations in this case.

In *Taylor*, the Court also provided a number of values to be considered by courts that are assessing the impact of a potential discovery violation and determining which sanction to apply.  Among these values are the following: the "State's interest in the orderly conduct of a criminal trial," *id.* at 411; the assurance of "both fairness and reliability in the ascertainment of guilt and innocence," *id.* at 411 n.5; the need to avoid judgments "founded on a partial or speculative presentation of the facts," *id.* at 411; the need to minimize "the risk that a judgment will be predicated on incomplete, misleading, or even deliberately fabricated testimony," *id.* at 411-12; the "State's interest in protecting itself against an

eleventh-hour defense" and "the broader public interest in a full and truthful disclosure of critical facts," *id.* at 412; the "integrity of the adversary process, which depends both on the presentation of reliable evidence and the rejection of unreliable evidence, the interest in the fair and efficient administration of justice, and the potential prejudice to the truth-determining function of the trial process," *id.* at 141-15.

These values align with the purpose of Rule 16 and the rest of the Rules of Criminal Procedure, which are designed to ensure "the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration and to eliminate unjustifiable expense and delay." Fed. Rule Crim. Proc. 2. None of these values will be compromised in any way should the Court permit the admission of evidence obtained through searches issued based on the affidavits at issue in this motion, and neither will they be advanced through exclusion.

The application of *Taylor*'s values can be seen in cases such as *Gee*, where the government used transcripts of recordings at trial that it had not disclosed to the defendant, despite a prior defense request for them. *Gee*, 695 F.2d at 1166-67. The government played the recordings for defense counsel on several occasions prior to trial and had given the defense a copy of them, but it did not produce the transcripts that it used during the trial. *Id.* The court affirmed the denial of the defendant's objection to the use of the transcripts. *Id.* at 1170.

Similarly, in *United States v. Carson*, 486 F.3d 618, 619 n.1 (9th Cir. 2007), the Ninth Circuit upheld the district court's refusal to exclude the testimony of an expert witness or to grant a continuance of the trial where the government disclosed the expert in an untimely manner. The expert's testimony was that "drug dealers often possess weapons and drug paraphernalia." *Id.* The court found no abuse of discretion in that this testimony "could not have been very surprising to defendant, nor was it readily susceptible to refutation in the event that a continuance had been granted." *Id.* Finally, exclusion is not warranted where, as here, there has been no showing of any prejudice to any defendant. "Failure to produce such materials [those listed in Rule 16] on request may require reversal if the defendant can show prejudice to his defense from their use at trial." *Gee*, 695 F.2d at 1167.

//

//

UNITED STATES' RESPONSE TO MOTION FOR
SANCTIONS                                                           4
CR 17-0533 EMC

# CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court deny Defendant's motion for sanctions.

DATED:  February 7, 2019

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

_____/s/_____
KEVIN J. BARRY
Assistant United States Attorney

UNITED STATES' RESPONSE TO MOTION FOR SANCTIONS
CR 17-0533 EMC

5