ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

TOM COLTHURST (CABN 99493)
Chief, Criminal Division

KEVIN J. BARRY (CABN 229748)
LINA PENG (NYBN 5150032)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6840
    FAX: (415) 436-7050
    Email: kevin.barry@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 17-CR-533-EMC |
| Plaintiff, | **UNITED STATES' OBJECTION TO DEFENDANT'S PROPOSED CHANGES TO THE FINAL JURY INSTRUCTIONS (ECF NO. 3407)** |
| v. | |
| RAYMOND FOAKES, et al., | |
| Defendants. | |

    The Court has repeatedly indicated that it would be instructing the jury in this case in the same way it instructed the jury in the Group One trial, unless it is given a good reason to make a change. The Court properly instructed the jury in the last trial, after much discussion, several rounds of briefing and careful consideration. The Court has given the defense for the Group Two Defendants ample opportunity to present any such reasons, and they have repeatedly failed to do so. Their most recent submission repeats this pattern, and the Court should reject it.

    The pre-trial schedule set the deadline for the parties to exchange draft jury instructions on February 7, 2023, and to file joint proposed jury instructions by February 21, 2023. ECF No. 2977. The government filed its proposed instructions on February 21, 2023, having received no drafts or comments

from the defense.  ECF No. 3198.  The Court thereafter set several deadlines for defense objections, which the defendants completely ignored.  Finally, the day is before trial was scheduled to commence, the defense filed a set of "comments," which raised a host of issues.  ECF No. 3272.  The Court largely rejected those comments and issued a set of Final Jury Instructions that echoed the instructions it gave in the Group One trial.  ECF No. 3279.  Now, once again at the very last minute, the defense has filed yet another set of challenges to the instructions issued by the Court.  ECF No. 3407.

As with their previous efforts, Defendants offer no good reasons for their proposed changes.  In their latest late effort, they offer almost no citation to any authority specific to their amendments.  And the one time they do—citing the *Cervantes* case—they actually misstate what Judge Gonzalez Rogers instructed the jury.  The Court should reject this effort and should instruct the jury as it has previously indicated it will.

**The Court Should Not Change Jury Instructions No. 46: Racketeering Conspiracy—Elements**

The defense claims that its new language in Instruction No. 46 is necessary because that instruction does not inform the jury that there must be an agreement for Count One.  They claim that as written, the instruction "suggests that mere knowledge is enough."  ECF No. 3407 at 9.  That is not accurate.  The Court's final Instruction No. 46 plainly states that there must be an agreement, and it does so when discussing the very first element.

> In order for a defendant to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:
>
> **First, there was an agreement between two or more persons** to conduct or to participate, directly or indirectly, in the conduct of the affairs of the enterprise (here, the Hells Angels Sonoma County charter, or HASC) through a pattern of racketeering activity; . . .

ECF No. 3279 at 52 (emphasis added).

The defense also adds language that the jury must be unanimous with respect to the types of racketeering acts that the defendant agreed members of the association would engage in.  This addition is unnecessary and duplicative.  Instruction No. 50, which covers the definition of a racketeering act, has

the unanimity instruction.  There is no need to include one here.

Finally, the defense attempts to change the instruction regarding the agreement itself in an inaccurate and ungrammatical way.  The proposed change to lines 7-9 of Instruction No. 46 could be read by the jury that they must find that the defendants *conspired* through a pattern of racketeering activity.  This represents an effort to create confusion in the jury, and the Court should keep the instruction as written.

**The Court Should Not Change Jury Instruction No. 50: Racketeering Conspiracy—Racketeering Act Defined**

The Court's language is sufficient and should not be changed.  As with so many of the other proposed changes, the defense offers no authority for this amendment.  In fact, they do not even explain why they are seeking this one.  The Court's language—already approved and taken from the Group One instructions[1]—appropriately distinguishes between what the defendant himself must do—agree—and acts that other associates might or might not take.  The fact that the jury must find that the defendant agreed is stated in the very next sentence of the instruction: "Again, the crime charged in Count One is RICO conspiracy; the crime charged is the *agreement* to conduct the affairs of HASC through a pattern of racketeering."  ECF No. 3279 at 57 (emphasis added).

**The Court Should Not Change Jury Instruction No. 52: Racketeering Conspiracy—Conspiracy to Commit Murder**

    **1) Changing "a Person" to "the Defendant" Would Misstate the Law**

In asking the Court to change the instruction regarding the racketing act of conspiracy to commit murder, Defendant Foakes cites only *Cervantes*.  In doing so, he deliberately mis-cites the jury instructions in that case.

Foakes suggests that to be liable for RICO conspiracy in which one of the acts in the pattern of racketeering is conspiracy to commit murder, Foakes himself must be guilty of conspiracy to commit

---

[1] *Compare* ECF No. 2832 at 41 *with* ECF No. 3279 at 57.

murder. That is completely wrong and sets aside decades of black-letter law on RICO conspiracy. If Foakes knows and agrees that other members of the enterprise have the intent to kill others and those other members conspire together and agree to commit murder (and at least one other racketeering act) he is liable for RICO conspiracy even if he himself has no intent ever to kill anyone. If Foakes is at the HASC clubhouse when other HASC members and associates decide to arm themselves and go "big game hunting" for Mongols, but he has no intention of getting off the barstool or ever killing a Mongol himself—but he knows what the others are doing and agrees with it—he can be liable for RICO conspiracy with conspiracy to kill rivals as one of the acts of racketeering. This is precisely what Judge Gonzalez Rogers instructed the jury in *Cervantes*.

> In order for you to convict a defendant of racketeering or RICO conspiracy, the government must prove beyond a reasonable doubt that the defendant agreed to participate in the enterprise with the knowledge and intent that at least one member of the racketeering conspiracy would intentionally commit, or cause, or aid and abet the commission of, two or more racketeering acts. That one member could be the defendant himself, or another person. ***The government is not required to prove that defendant personally committed, or agreed to personally commit, two or more racketeering acts***.

*United States v. Cervantes*, No. 12-cr-000792-YGR, Dkt. #1437 at 36 (N.D. Cal. Aug. 11, 2016) (Jury Instruction No. 27 ("Racketeering Conspiracy—Elements")) (emphasis added).

By asserting that Foakes himself must be liable for conspiracy to commit murder in order for that offense to be a racketeering act, and by citing *Cervantes* for that proposition, the defense misstates what Judge Gonzalez Rogers actually instructed the jury in that case. When the *Cervantes* court instructed on the elements of the racketeering act of conspiracy to commit murder, Judge Gonzalez Rogers cited the California law for that crime. In that specific instruction, the court referenced the "defendant" who conspires to commit murder and not the RICO conspiracy defendant. That is, the "defendant" in the instruction regarding California conspiracy to commit murder is the HASC member or associate who agrees and intends to hunt and to kill Mongols, and not the HASC member or associate who stays back at the clubhouse supporting the hunters but having no intention of doing likewise.

Citing *Cervantes* to argue that the instructions in that case require a RICO conspiracy defendant to personally have an intent to kill in order for conspiracy to commit murder to qualify as a racketeering

act fundamentally and misleadingly misreads that case and is wholly at odds with the law of RICO conspiracy.

With respect to the instruction regarding conspiracy to commit murder as a racketeering act, Foakes argues, "Put differently, unless 'the defendant' is inserted into this instruction [instead of "a person"], Mr. Foakes could be convicted of § 1962(d) RICO conspiracy involving conspiracy to commit murder as a predicate act if he is merely an associate of HASC and other members of HASC, and not him, conspire to commit murder." ECF 3407 at 13.

With the addition of "and he agrees that they will do so," that is exactly what the law dictates. That is exactly how Judge Gonzalez Rogers instructed the jury in *Cervantes*, and that is exactly how this Court instructed the jury during the Group One trial.

> For purposes of Count One, the government does not have to prove that any person committed an overt act in furtherance of the conspiracy. The government does not have to prove that any racketeering acts were actually committed at all.
>
> The government is also not required to prove that a given defendant personally committed any act of racketeering activity or agreed to do so.

ECF No. 2832 at 37 (Jury Instruction No. 33: Racketeering Conspiracy—Elements). Further, this parallels the instruction given by Judge Orrick in the most recent RICO conspiracy trial in this district, *United States v. Williams, et al.*, Case No. CR 13-0764-WHO, Dkt. # 2274 at 34 (N.D. Cal. Feb. 28, 2020) (Jury Instruction No. 26: Racketeering Conspiracy—Elements) ("The government is not required to prove that a defendant personally committed, or agreed to personally commit, two or more racketeering acts.").

**2) There is No Basis for the Other Additions**

The defense also seeks to add two other phrases to Instruction No. 52 whose purpose is to create confusion:

> Someone who merely accompanies or associates with members of a conspiracy but who does not intend to commit the crime is not a member of the conspiracy.
>
> Evidence that a person did an act or made a statement that helped accomplish the goal of the conspiracy is not enough, by itself, to prove that the person was a member of the conspiracy.

ECF No. 3407 at 6.  Yet again, the defense offers no authority or explanation for why these are appropriate additions.  They are not.  Their purpose is to confuse the jury, specifically by creating a contrast between the intent for the person agreeing to commit the racketeering act itself (the hunter of the Mongols) and the person agreeing that others will do so, but who has no intent or even any capacity to commit that racketeering act (the person on the barstool).  *See Salinas v. United States*, 522 U.S. 52, 64 (1997) ("A person, moreover, may be liable for conspiracy even though he was incapable of committing the substantive offense.").

### 3) There is No Basis for the Instruction Regarding Foakes and the Silva Homicide

With their final requested addition to Instruction No. 52, the defense is asking the Court to instruct the jury not on the law as it pertains to the evidence, but to comment on the evidence itself.

> I instruct that as to RAYMOND FOAKES, there was no evidence presented that Raymond Foakes participated in the alleged murder of, or in the alleged conspiracy to murder, Joel Silva.

ECF No. 3407 at 6.

Foakes is not charged with conspiracy to commit the VICAR murder of Joel Silva, and consistent with the Bill of Particulars, the government did not present evidence that he was involved in that killing.  With respect to the bill, it serves "to apprise the defendant of the specific charges being presented to minimize the danger of surprise at trial, to aid in preparation and to protect against double jeopardy."  *United States v. Long,* 706 F.2d 1044, 1054 (9th Cir. 1983).  A bill of particulars is appropriate only when the "indictment is insufficient to permit the preparation of an adequate defense." *United States v. DiCesare*, 765 F.2d 890 (9th Cir. 1985).  When deciding whether to order a bill of particulars, the court "should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *Long,* 706 F.2d at 1054.

The purpose of the bill is to provide notice to the defendant of the charges.  The bill in this case has done so, and the government did not present evidence that was inconsistent with it or with the Superseding Indictment.  The defense offers no authority that a bill of particulars then entitles the defense to an instruction on the nature of the evidence in the trial, as opposed to the meaning of the law.

The government accepts that the Court has included the above language in Instruction No. 60, which addresses the special sentencing factor involving murder. The government understands that the Court included that instruction because the Bill of Particulars as to Foakes' lack of a role in the Silva homicide was specifically directed that that special sentencing factor, which requires a specific intent to kill. The government respectfully disagrees that the language should be included, but unlike the defense, it is not seeking reconsideration of that instruction at this late hour.

But the special sentencing factor is completely separate from the jury's consideration of whether Foakes knew and agreed that other HASC members and associates would commit the offense of conspiracy to commit murder. Evidence of Foakes' knowledge of the Silva killing after the fact—even if he played no role in it—and his continued association with HASC after knowing about it can be considered by the jury in deciding whether conspiracy to commit murder is one of the acts comprising the pattern of racketeering that makes Foakes liable for Count One. The requirement in Instruction No. 60 that the jury make a finding that a member of a RICO conspiracy had the specific intent to kill someone shows that there is a fundamental difference between liability for RICO conspiracy in general, where an HASC member or associate agrees that others will conspire to kill, while he lacks the personal intent to kill, and liability for RICO conspiracy with the special sentencing factor, where the defendant must have that specific intent.

Jury instructions must provide the jury with the definitions and rules necessary to understand the defense theory; they need not reiterate or emphasize that theory. *United States v. Dees*, 34 F.3d 838, 842 (9th Cir.1994). In this case, the defense can argue that the lack of evidence that Foakes played a role in the Silva killing undercuts the notion that he is liable for RICO conspiracy under Count One through an agreement that other HASC members and associates conspired to kill others. He is not entitled to an instruction that comments on that evidence.

**The Court Should Not Change Jury Instruction No. 60: Racketeering Conspiracy—Special Finding Regarding Murder Predicates**

The addition of "as charged in Count One" in line 4 is unnecessary but unobjectionable. The change from "each defendant" to "the defendant" in line 10 is unnecessary and confusing. The jury

must determine whether the special sentencing factor applies to two defendants.  Reducing the reference from "each" to "the" seemingly negates that and creates confusion.

      Likewise, the change of "killings" to "a killing[s]" improperly suggests that there is a single homicide that the defendant contemplated.  It is also ungrammatical if the jury considers that there may have been more than one potential murder.  This instruction should remain as it is.

DATED: May 4, 2023                          Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

                                    /s/
KEVIN J. BARRY
LINA PENG
Assistant United States Attorneys