CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

KEVIN J. BARRY (CABN 229748)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6840
FAX: (415) 436-7234
Email: kevin.barry@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN JOSEPH NELSON et, al,<br><br>Defendants. | ) CASE NO. 17-CR-533-EMC<br>)<br>)<br>) **MOTION TO STAY RULE 804(B)(3) BRIEFING**<br>) **SCHEDULE AND [PROPOSED] ORDER**<br>)<br>)<br>)<br>)<br>) |

**MOTION**

The United States respectfully moves the Court to stay the schedule for briefing to address the scope of admissibility of information related to a statement against penal interest under Federal Rule of Evidence 804(b)(3)(B). During the July 30, 2026 hearing on the Defendants' motions for a new trial, the Court requested briefing from the parties to address what other information could be admissible in addition to a specific statement against penal interest. This issue concerned the scope of a Confidential Human Source's (the CHS) potential testimony in a new trial.

On August 3, 2026, the Court issued an order setting an August 18, 2026 evidentiary hearing for testimony from the CHS and two agents who interviewed the CHS. ECF 4151. The government respectfully submits that this hearing is likely to have a significant impact on the question posed by the

US MOTION FOR ADMINSITRATIVE RELIEF          1
17-CR-533-EMC

Court about the admissibility of any testimony by the CHS, particularly any testimony that would normally be inadmissible hearsay.  After the Court and the parties learn from the CHS specifically what, if anything, the CHS would testify to at a potential new trial, the parties can address the question of admissibility.

Without the benefit of the CHS's testimony at the evidentiary hearing, any briefing on the statement against penal interest hearsay exception would be speculative, and any analysis stands a strong chance of being upended depending on what the CHS actually says.

For this reason, the government respectfully requests that the Court stay the briefing schedule on the parties' Rule 804(b)(3) submissions until after the hearing.

The government has conferred with counsel for the Defendants through email regarding this request.  Counsel for Defendant Nelson responded as follows: "We intend to timely file the brief and feel that it is important that Judge Chen be aware of the state of the law before the hearing."

DATED:  August 4, 2026                                  Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

__/s/ *Kevin J. Barry*_____
KEVIN J. BARRY
Assistant United States Attorney

## [PROPOSED] ORDER  DENYNG MOTION

Based upon the motion of the United States and for good cause shown, IT IS HEREBY **DENIED.** ORDERED that the schedule for briefing on the issue of the scope of admissibility of statements related to statement against penal interest is STAYED until after the August 18, 2026 evidentiary hearing.

IT IS SO ORDERED.

Dated:  August 5, 2026

_____
HON. EDWARD M. CHEN
United States District Judge

US MOTION FOR ADMINSITRATIVE RELIEF          2
17-CR-533-EMC